UNITED STATES of America,
Plaintiff–Appellee,

v.

Daniel GUTIERREZ–NIETO, also
known as Daniel Gutierrez,
Defendant–Appellant.

No. 04–40549.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Daniel Gutierrez–Nieto ("Gutierrez") appeals the 40–month sentence imposed following his guilty-plea conviction for illegal reentry into the United States following deportation. He argues, for the first time on appeal, that the district court erred in sentencing him under a mandatory guideline scheme, citing *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Gutierrez asserts that the district court's application of the guidelines as mandatory is a "structural error" that is "insusceptible" of harmless error analysis. Alternatively, he asserts that the error should be presumed prejudicial. Gutierrez's arguments have been rejected by this court in *United States v. Martinez–Lugo*, 411 F.3d 597, 601 (5th Cir.2005). We review for plain error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732–33 (5th Cir.2005), *petition for cert. filed* (July

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

25, 2005) (No. 05–5556). The district court committed error that is plain when it sentenced Gutierrez under a mandatory guideline scheme. *See id.* at 733; *Martinez–Lugo,* 411 F.3d at 600. Gutierrez, however, fails to meet his burden of showing that the district court's error affected his substantial rights. *See Valenzuela–Quevedo,* 407 F.3d at 733–34; *United States v. Mares,* 402 F.3d 511, 521–22 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *see also United States v. Bringier,* 405 F.3d 310, 317 & n. 4 (5th Cir.2005), *petition for cert. filed* (July 26, 2005)(No. 05–5535).

As he concedes, Gutierrez's argument that the sentencing provisions in 8 U.S.C. § 1326(a) and (b) are unconstitutional is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See Apprendi v. New Jersey,* 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). Accordingly, Gutierrez's sentence is AFFIRMED.